UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

DENNIS BALDWIN and WILBERT MACKLIN,

Plaintiffs,

-against-

THE CITY OF NEW YORK,  JOHN DOE ## 1-10,

Defendants.

------------------------------------------------------------------- x

**COMPLAINT AND
JURY DEMAND**

**CV 12 - 5058**

DOCKET #

ECF CASE



## PRELIMINARY STATEMENT

1.   This is a civil rights action in which plaintiffs seek relief for the violation of his rights secured by 42 USC §1983, §1988, §1985(3) and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.   The claim arises from a July 13, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, malicious prosecution and excessive force.

3.   Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.   This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.   Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5.   The amount in controversy exceeds $75,000.00 excluding interest and costs.

6.    Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

**PARTIES**

7.    Plaintiff Dennis Baldwin is an African-American male and is a citizen of the United States.  At all times here relevant plaintiff resided 896 Park Avenue, Kings County, City and State of New York.

8.    Plaintiff Wilbert Macklin is an African-American male and is a citizen of the United States.  At all times here relevant resided in 254 New York Avenue, Kings County, City and State of New York.  Plaintiff and her family owned the building at the location.

9.    The City of New York is a municipal corporation organized under the laws of the State of New York.

10.    John Doe Police officers, at all times here relevant, was an employee of the NYPD, and is sued in his individual and official capacities.

11.    All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

12.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL ALLEGATIONS**

13.    On July 13, 2012, at approximately 1:30 p.m. the plaintiffs were standing in front of 896 Park Avenue, Brooklyn, NY – their residence – talking when police officers approached

2

them and a number of other people in the immediate vicinity, demanded to see identification, threw plaintiffs and the others violently against a fence, arrested them and placed them in a police van without reasonable suspicion of probable cause.

14.    Plaintiffs were driven around in the police van, handcuffed painfully tightly, for numerous hours before being taken to the precinct. The poor treatment by police officers and lengthy incarceration caused considerable stress to both plaintiffs. Plaintiff Macklin had a serious heart condition when he was arrested and the officers' poor treatment and illegal behavior caused him to suffer chest pains.

15.    Plaintiffs deny all charges against them and deny that they were committing any crime or violation. The Kings County District Attorney's office declined to prosecute them, and they were released after being in custody for approximately 32 hours.

16.    At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

17.    During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

18.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

        a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

3

b.      Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

c.      Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

d.      Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

e.      Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

f.      Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety; and

g.  Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

19.   The above paragraphs are here incorporated by reference.

20.   Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and false imprisonment, malicious prosecution, use of excessive force, and governmental intrusion in their home, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

21.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### (FALSE ARREST AND FALSE IMPRISONMENT)

22.    The above paragraphs are here incorporated by reference.

23.    Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

24.    There was no reasonable expectation of successfully prosecuting plaintiff.

25.    Plaintiff was aware of his confinement and did not consent.

26.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

27.    Plaintiff was damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

## THIRD CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

28.    The above paragraphs are here incorporated by reference.

29.    Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

30.    The criminal proceedings were terminated favorably to defendant.

31.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

32.    As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
(ASSAULT)

33.   The above paragraphs are here incorporated by reference.

34.   By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

35.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

36.   Plaintiff was damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

37.   The above paragraphs are here incorporated by reference.

38.   Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

39.   Defendants used excessive and unnecessary force with plaintiff.

40.   Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

41.   Plaintiff was damaged defendant's battery.

## SIXTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

42.   The preceding paragraphs are here incorporated by reference.

43.   Defendants' intentional tortious acts were undertaken within the scope of their

6

employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

44.   As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.   In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.   Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.   Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


DATED:   Brooklyn, New York
         October 9, 2012

TO:   New York City                         Yours, etc.,
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY  10007                   Leo Glickman, Esq.
                                            Bar #LG3644
                                            Attorney for Plaintiff
                                            475 Atlantic Ave. 3rd Flr.
                                            Brooklyn, NY  11217
                                            (718) 852-3710
                                            lglickman@stollglickman.com

7