UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DENNIS BALDWIN and WILBERT MACKLIN,

                                                     Plaintiffs,      **FIRST AMENDED COMPLAINT AND JURY DEMAND**

       -against-

THE CITY OF NEW YORK, SERGEANT EDWARD      DOCKET #
FACKLER #3789, DETECTIVE GARY STOPA#1438,
DETECTIVE BARESE, DETECTIVE CHALAR,
DETECTIVE ERIC HIRSCH #3907, DETECTIVE
ERWIG#2533, POLICE OFFICER PARKS, DETECTIVE      ECF CASE
SILA, UNDER COVER POLICE OFFICER #0092, and
JOHN DOE SUPERVISORS ## 1-4,

                                                 Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiffs seek relief for the violation of his rights secured by 42 USC §1983, §1988, §1985(3) and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claim arises from a July 13, 2011 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, false arrest, malicious prosecution and excessive force.

3.    Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and

Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Dennis Baldwin is an African-American male and is a citizen of the United States. At all times here relevant plaintiff resided 896 Park Avenue, Kings County, City and State of New York.

8. Plaintiff Wilbert Macklin is an African-American male and is a citizen of the United States. At all times here relevant resided in 896 Park Ave., Kings County, City and State of New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. John Doe Supervising officers, at all times here relevant, were supervising employee of the NYPD, and are sued in his individual and official capacities.

11. All other defendants were at all times here relevant employees of the NYPD, and are sued in their individual and official capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

13. On July 13, 2012, at approximately 1:30 p.m. the plaintiffs were standing in front of 896 Park Avenue, Brooklyn, NY – their residence – talking when police officers approached them and a number of other people in the immediate vicinity, demanded to see identification, threw plaintiffs and the others violently against a fence, arrested them and placed them in a police van without reasonable suspicion or probable cause.

14. Defendant officers were members of Borough North Narcotics Squad and/or the 79th precinct. The defendant officers were assigned to the 79th precinct with the objective of making "buy and bust" arrests.

15. Plaintiffs were driven around in the police van, handcuffed painfully tightly, for numerous hours before being taken to the precinct. The poor treatment by police officers and lengthy incarceration caused considerable stress to both plaintiffs. Plaintiff Macklin had a serious heart condition when he was arrested and the officers' poor treatment and illegal behavior caused him to suffer chest pains.

16. Plaintiffs deny all charges against them and deny that they were committing any crime or violation. The Kings County District Attorney's office declined to prosecute them, and they were released after being in custody for approximately 32 hours.

17. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiffs' rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiffs.

18. During all of the events above described, defendants acted maliciously and with intent

to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

   a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and home;

   b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

   d. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   e. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   f. Economic and special damages, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, loss of freedom to enter 896 Park Ave., anxiety, and;

   g. Loss of liberty.

### FIRST CAUSE OF ACTION
(42 USC § 1983)

20. The above paragraphs are here incorporated by reference.

21. Defendants acted under color of law and conspired to deprive plaintiffs of their civil, constitutional and statutory rights to be free from unreasonable search and seizure, specifically, plaintiff's right to be free from false arrest and false imprisonment, malicious prosecution, use of

4

excessive force, denial of treatment for a serious medical need, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

22. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FALSE ARREST AND FALSE IMPRISONMENT)

23. The above paragraphs are here incorporated by reference.

24. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

25. There was no reasonable expectation of successfully prosecuting plaintiff.

26. Plaintiffs were aware of his confinement and did not consent.

27. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

28. Plaintiffs were damaged by false arrest, imprisonment, and deprivation of liberty caused by defendants.

## THIRD CAUSE OF ACTION
(MALICIOUS PROSECUTION)

29. The above paragraphs are here incorporated by reference.

30. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

31. The criminal proceedings were terminated favorably to defendant.

32. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and

have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

33. As a result of the malicious prosecution implemented by defendants, plaintiffs were damaged.

## FOURTH CAUSE OF ACTION
(ASSAULT)

34. The above paragraphs are here incorporated by reference.

35. By approaching and pushing plaintiffs, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

37. Plaintiffs were damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
(BATTERY)

38. The above paragraphs are here incorporated by reference.

39. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered them.

40. Defendants used excessive and unnecessary force with plaintiffs.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

42. Plaintiffs were damaged defendant's battery.

## SIXTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

43. The preceding paragraphs are here incorporated by reference.

44. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

45. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiffs were damaged.

## SEVENTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

46. The above paragraphs are here incorporated by reference.

47. The City, Sgt. Fackler and the John Doe Supervisors are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

48. The City, Sgt. Fackler and the John Doe Supervisors knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

49. The aforesaid event was not an isolated incident. The City, Sgt. Fackler and the John Doe Supervisors have been aware for some time (from lawsuits, criminal trials of police officers, notices of claim and complaints filed with the Civilian Complaint Review Board and media coverage) that many of their police officers routinely plant contraband on arrestees and make false sworn statements to justify minor drug arrests. Such supervisors encourage such misconduct by instituting "productivity goals" i.e. arrest quotas for minor arrests that

put pressure on police officers to make such arrests regardless of the merits of the arrest. Indeed, according to news sources officers and police officers who have come forward, officers assigned to the 79th Precinct under the Commanding Officer of the precinct and the Brooklyn North Patrol Command have been given lower performance evaluations for complaining about unfair summonses quotas and arrests. The City, Sergeant Fackler and the John Doe Supervising Officers fail to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false sworn statements on criminal complaints, at suppression hearings and trials, and at disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force is practiced and incredible testimony goes uncorrected. Additionally, the City and the John Doe Commanding Officer have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Sergeant Fackler and the John Doe Supervising Officers, have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights without fear of reprisal.

50. The City, Sergeant Fackler and the John Doe Supervisors knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, they failed to take corrective action.

51. The City, Sgt. Fackler and the John Doe Supervisors have failed to take the steps to

discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

52. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, and the Inspector to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

53. Defendants the City, Sergeant Fackler and the John Doe Supervisors have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

54. When plaintiffs were falsely arrested, assaulted, and falsely charged with a crime so baseless that the District Attorney's office refused to prosecute it, plaintiffs were damaged. Such damage was caused by the wrongful, grossly negligent and illegal acts of the City, Sergeant Fackler and the John Doe Supervisors.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

    A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiff's causes of action;

    B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

    C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

    D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         February 11, 2013

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

Yours, etc.,

*Leo Glickman*
Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Ave. 3rd Flr.
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com